CRITTENDEN<br>January,<br>1841.<br><br>Heartt<br>v.<br>Johnson.

---

## ALBERT P. HEARTT *v.* ELIAKIM H. JOHNSON.

H. and Brothers, partners, sold and transferred an account of $1800,00 against the defendant, to a stranger, for forty cents on the dollar. The defendant had previously given a note, payable to one of the firm, and for their benefit, in part payment of that account, which had not been credited. The defendant afterwards paid the assignee the amount paid by the latter for the account, and was discharged from said account by the assignee;—Held, that these facts constituted a payment of the note so given.

ASSUMPSIT, on a promissory note, dated Nov. 15, 1833, for $400,00, given by the defendant to the plaintiff, payable at the Merchants and Mechanics Bank in Troy, ninety days after date.

Plea, non-assumpsit, and special pleas in bar, and in offset. Issues to the country.

On the trial in the county court, the note having been admitted in evidence, the defendent introduced, as evidence, an agreement made between Eliakim Johnson and Starr & Bushnell, in behalf of J. C. Heartt & Brothers, by which agreement Eliakim Johnson agreed to purchase of Heartt & Brothers, and other creditors of Eliakim H. Johnson, all their debts against the latter, for forty cents on the dollar, and pay therefor in six months, and the said creditors agreed to sell all their demands against the said Eliakim H. to the said Eliakim, at the above rate, provided the said Eliakim procured a good and responsible signer with him, to the note to be given for said demands. In this agreement, the amount due from Eliakim H. Johnson to Heartt & Brothers, was stated to be $1762,18. The agreement was dated January 1, 1834.

The defendant also gave in evidence an account of the following tenor :

" Eliakim H. Johnson to Jonas C. Heartt & Brothers, Dr.
1834,      To balance of acct. rendered this day,   $1177,34
Jany. 1.    " note at one day, 1 Feb. 1833, $584,84
                    Interest,                    $37,53      622,37
                                                            ─────────
                                                            $1799,71"

Also, an assignment thereof in the words following :

" For value received, we hereby transfer and assign to E. Johnson, the above account and note against Eliakim H. Johnson, and all our right, title, and interest in and to the same."

Dated Jany. 7, 1834, and signed

                    " JONAS C. HEARTT & BROTHERS."

The defendant also offered, as evidence in the case, the deposition of Levinus Vanderheyden, which tended to prove, that the firm of J. C. Heartt & Brothers, in 1833, consisted of Jonas C. Heartt, Albert P. Heartt, and Philip T. Heartt, and that these persons were the only individuals composing that firm on the 15th of Nov. 1833, and that they are the only persons who have since constituted that firm ; that he was the clerk of the firm on said 15th Nov. 1833, and ever since has been their clerk and book-keeper ; that the defendant had been, for many years, dealing with said firm to a considerable amount ; that the amount of the account of J. C. Heartt & Brothers against the defendant, on the 15th of

November, 1833, was between seventeen and eighteen hundred dollars; that, on the 15th Nov. 1833, the defendant gave a note to apply on the account of Heartt & Brothers against him, for four hundred dollars, for which the deponent gave a receipt, as follows:

CHITTENDEN,
January,
1841.

Heartt
v.
Johnson.

"Received, Troy, November 15, 1833, of Mr. Eliakim H. Johnson, his note, at ninety days, at the Merchants & Mechanics Bank, for four hundred dollars, on account.

(Signed,)    JONAS C. HEARTT & BROTHERS.
L. VANDERHEYDEN."

that no other note for $400 was given by the defendant, at that time; that the indebtedness for which the note was given was to Heartt & Brothers; that he did not know that the defendant and A. P. Heartt ever had any individual dealings; that the note, for which the above receipt was given, was given expressly to apply on the account of J. C. Hearrt & Brothers against the defendant, and that said note was never credited to the defendant, in the account of J. C. Heart & Brothers against him; that the assignment of J. C. Heartt & Brothers was made by J. C. Heartt, in the name of the firm, and that said assignment embraced all the accounts and notes which J. C. Heartt & Brothers had against the defendant, on the 15th of November, 1833.

It was admitted, by the plaintiff, that the note in suit was the same note alluded to by Vanderheyden, in his deposition, and that it was given to the plaintiff in trust for J. C. Heartt & Brothers.

The defendant then introduced Eliakim Johnson, as a witness, who testified, that he gave a note, with surety, to J. C. Heartt & Brothers, for the amount of their claim against the defendant, specified in the agreement above stated, which they were satisfied with; that he paid said note; that the defendant paid the witness the amount thereof, and the witness discharged the defendant from said debt. He further testified that this suit was not brought for his benefit, nor by his authority.

The plaintiff contended, that the facts proved did not amount to a defence; that they amounted to nothing more than a set-off, pro tanto, and requested the court to charge accordingly. But the county court instructed the jury, that the facts stated by Eliakim Johnson, if believed, with the

deposition of Vanderheyden, and the agreement and assignment, by Heartt & Brothers, before stated, would constitute a good defence to this action.

The jury returned a verdict for the defendant, and the plaintiff excepted to the charge of the county court.

*C. Adams* argued for plaintiff.

*J. Maeck,* for the defendant, cited *Austey* v. *Marden,* 1 New. R. 124. Chitty on Con. 4 Am. Ed. 478. *Steinman et al.* v. *Magnus,* 2 Camp. 124. S. C. 11 East. 390. *Wheeler* v. *Wheeler,* 11 Vt. R. 60. *Bradley* v. *Gregory,* 2 Camp. 385; and *Lewis* v. *Jones,* 10 C. L. R. 393.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears, from the agreement made by Starr & Bushnell, as attorneys of J. C. Heart & Brothers, that their whole debt was to be assigned to E. Johnson. It further appears that the whole debt was assigned and has been paid and satisfied to the assignee, and he makes no claim thereon. It is agreed that the note sued by the present plaintiff, who is one of the firm of J. C. Heart & Brothers, was given to apply on the account, and was not credited. If it had been, the debt assigned would have been the same amount, but the account would have been less, the amount of the note. As J. C. Heart & Brothers did not credit the note, but treated the whole amount as due from the defendant, and as the account has been paid, it results that this note is paid, and it would be a fraud on E. Johnson, as well as the defendant, if this note should now be enforced. The court below were therefore warranted in saying to the jury that these facts, if proved, constituted a defence. The charge was to this effect, and we see nothing exceptionable in it. The judgment is, therefore, affirmed.